## Feinstein's License

*James E. Gallagher* and *Lewis M. Stevens*, for petitioner.

*Thomas I. Guerin*, Special Deputy Attorney General, contra.

KUN, J., October 10, 1935.—The Pennsylvania Liquor Control Board issued a liquor license to Robert Feinstein, trading as Rustic Grille, for premises 256 N. Broad Street, Philadelphia, for the license year 1934, commencing January 1, 1934, and ending December 31, 1934. The application for the license was accompanied by a bond, executed by the licensee and by the Seaboard Surety Company, a corporation, in the sum of $2,000, conditioned for the faithful observance by the licensee of all the laws of this Commonwealth relating to liquors and malt liquors.

On November 24, 1934, the Attorney General filed a petition to revoke the license on the following charges:

On April 9, 1934, the licensee kept and possessed upon the licensed premises a certain quantity of liquor which was not lawfully acquired by him prior to January 1, 1934, and which was not purchased from a Pennsylvania Liquor Store. On May 14, 1934, which was a Sunday, the licensee sold liquor to a member of the Bureau of Police

of Philadelphia, and to other persons upon the licensed premises. Both the alleged acts were in violation of the terms and provisions of the Liquor Control Act of November 29, 1933, P. L. 15.

The petition was set down for hearing on December 7, 1934, but as service could not be had upon the licensee at that time, the licensed premises having been closed and abandoned by the licensee, the matter was continued until further notice and until such service upon the licensee might be had. Service of a copy of said petition, together with notice of the time and place of hearing thereon, was later made upon the licensee, and the matter was set for hearing on July 12, 1935, before the Honorable Frank Smith, P. J., in Room 653, City Hall. Proof of such service was duly filed of record.

At the hearing before Judge Smith, testimony was submitted to prove the violations of the law alleged in the petition, and upon the conclusion of the Commonwealth's testimony, Judge Smith entered an order revoking the license.

No answer was filed by the licensee to the petition for revocation, nor did the licensee appear in person or by attorney at the time of the hearing upon the revocation petition. On or about August 14, 1935, the Seaboard Surety Company, surety for the licensee, filed the present petition to vacate the order of revocation entered on July 12, 1935, on the ground that at that time the question was moot, the license having previously expired by law. The object of the proceeding on the part of the surety company was to avoid liability on its bond. Aside from the questionable right of the surety to file the petition before us, we are clear in our opinion that the order of Judge Smith, entered on July 12, 1935, was entirely lawful and effective to accomplish the purpose of the law, inter alia, to hold the surety liable for any violations committed by the licensee. While the order was entered July 12, 1935, what it really adjudicated was that back in April and in May of 1934 the licensee had committed some violations

of the State liquor laws and it was to secure the Commonwealth against such violations that the surety company gave its bond.

If the only penalty for violations were the revocation of the license, and the question whether or not violations had been committed came up before the court after the license had expired, it would indeed be a moot question, which no court would hear. In fact, in such circumstances, the Attorney General would not very likely press the Commonwealth's petition. However, the act under which the petition in the instant case was filed provides for two additional penalties: forfeiture of the bond and rendering the licensee ineligible to receive another liquor license within a period of five years after the revocation. The law cannot be construed to be so ineffective as to hold that because, forsooth, the licensee succeeds, designedly or otherwise, in postponing the hearing on a petition to revoke beyond the expiration date of his license, the Commonwealth cannot collect on its bond, and the licensee by that simple expedient can avoid the penalty of being ineligible to have a license for five years. All the licensee who had violated the law would have to do to save the surety the amount of its bond, whether by arrangement or not, would be to leave the jurisdiction or otherwise evade service of the petition until after the expiration date of his license. The law cannot be thwarted in any such way.

In a case where the appeal of a licensee did not come up for consideration in the appellate court until after the expiration of the license, it was similarly contended that the question was moot, but the Superior Court disposed of the contention by the following statement: "The question is not moot since the order appealed from renders appellant ineligible to have a license for five years from its date": Revocation of Wolf's License, 115 Pa. Superior Ct. 514.

While in that case the order appealed from was entered before the expiration date of the license, the principle

involved is the same. It follows with equal force that the question cannot be considered moot when one of the consequences of the entry of the order was to charge the surety with liability on the bond.

A case is usually considered moot by the court when the question involved is abstract, and a judgment, when rendered, cannot have any practical legal effect. That cannot be said of the case before us. The very practical legal effect of the order of revocation was that it rendered the licensee ineligible to have a license for a period of five years thereafter, and rendered the surety on the bond liable to the Commonwealth according to its terms.

Suppose, for instance, a licensee toward the end of the term of his license during the last two weeks of December, including the Christmas holidays, commits a series of gross violations of the State liquor laws. The court has recessed over the holidays. The Attorney General files a petition to revoke which cannot be served, or if served, cannot be heard until the court convenes after the first of the new year. In the meantime, the license has expired. It seems to us unreasonable to argue that in such a situation the court is without authority to hear the matter, determine the facts, and enter an order of revocation. It is of no moment that the license has expired. On the basis of the order the licensee is ineligible to get another license for five years, and the surety on the bond may be called upon to pay it. The case before us is not moot. On the contrary it is very real as indicated by the action of the petitioner seeking to have the order of revocation vacated, so that it may avoid liability on its bond. No adequate reason has been presented to us why the surety in this case should be relieved of its obligation.

The petition of the Seaboard Surety Company is dismissed.